**THE HONORABLE MARY JO HESTON**
**CHAPTER 13**
**HEARING DATE: August 29, 2024**
**HEARING TIME: 1:00 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: August 22, 2024**

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>JENNIFER RUTH KAMP,<br><br>Debtor. | Case No.: 24-41481-MJH<br><br>**TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER CHAPTER 13 CASE** |

### I. NOTICE

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Motion to Dismiss or Transfer Chapter 13 Case will be heard before The Honorable MARY JO HESTON at 1:00 P.M. on the 29th of August at the Tacoma Federal Courthouse Union Station, U.S. Bankruptcy Courthouse, 1717 Pacific Avenue, Courtroom H, Tacoma, WA 98402.

**IF YOU OPPOSE** the motion, you must file your written response with the court clerk, serve two copies on the judge's chambers and deliver copies on the undersigned and all interested

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 1

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

parties, NOT LATER THAN THE RESPONSE DATE, which is August 22, 2024. If you fail to do so, the Court may enter an order granting the motion without any hearing and without any further notice to you.

## II. MOTION

**COMES NOW** Michael G. Malaier, Chapter 13 Trustee, and moves the Court for an order dismissing, or in the alternative transferring, this Chapter 13 case.

## III. BACKGROUND

Jennifer Ruth Kamp ("Debtor") filed for protection under Chapter 13 of the Bankruptcy Code on July 5, 2024. ECF No. 1.

On June 11, 2024, just twenty-four days before filing her bankruptcy petition in the Western District of Washington, Debtor filed a petition for Divorce (the "Divorce Proceedings") from her husband Jason Paul Kamp ("Mr. Kamp") in the Third Judicial District, Salt Lake County District Court, State of Utah (the "Divorce Court"). Civil Case No. 244903181. A Stipulation, signed by both Debtor and Mr. Kamp, was also filed in the Divorce Proceedings on June 11, 2024. A true and correct copy of the Stipulation is attached hereto as Exhibit A.

On July 8, 2024, Trustee's office was contacted by an attorney representing a creditor of Debtor. Upon further investigation, Trustee discovered that on May 5, 2024, Debtor had quit-claimed her interest in real property located in Taylorsville, Utah (the "Utah Home") to Mr. Kamp.

On July 15, 2024, the Divorce Court issued its Findings of Facts and Conclusions of Law and Divorce Decree in the Divorce Proceedings. A true and correct copy of the Divorce Court's

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 2

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 2 of 12

Findings of Facts and Conclusions of Law and Divorce Decree are hereto attached as Exhibit B and Exhibit C, respectively.

On July 22, 2024, Debtor filed the balance of her schedules and a proposed Chapter 13 plan. ECF Nos. 12-13. Debtor's schedules state Debtor transferred her interest in the Utah Home to her husband pre-bankruptcy. ECF No. 12, pp.3, 9. The current market analysis indicates the value of the Utah Home to be approximately $1,199,000.00. Debtor's Schedule D states that Mr. Kamp holds a $223,757.00 claim secured by the Utah Home pursuant to an Owelty Lien. ECF No. 12, p. 12.

Debtor is the defendant in a multi-plaintiff defamation suit pending in the Salt Lake County District Court. ECF No. 12, pp. 14-23. Nearly all of Debtor's creditors, except for large corporate creditors, reside in Utah. *Id*.

## ARGUMENT

The Western District of Washington is not the proper forum for Debtor's Chapter 13 bankruptcy case as Debtor cannot satisfy the statutory venue requirements. For the statutory lookback period, Debtor's domicile, residence, principal place of business, and principal assets were all located in Utah – not Washington. Accordingly, the court should dismiss Debtor's case or, in the alternative, transfer it to the Bankruptcy Court for the District of Utah.

**A. Debtor Cannot Satisfy the Venue Requirements of 28 U.S.C. § 1408.**

In bankruptcy cases, venue is governed by 28 U.S.C. § 1408. Under this statute, venue is proper in a particular district only if the debtor can establish that, for the 180-days immediately preceding the commencement of the case, the district was the debtor's (1) place of residence, (2) principal place of domicile, (3) principal place of business, or (4) where debtor's principal assets

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 3

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 3 of 12

were located. 28 U.S.C. § 1408(1).[1] Whether venue is proper is "determined by reference to the facts existing within the 180-day period prior to the filing of the bankruptcy petition." *In re Blixseth*, 484 B.R. 360, 365 (B.A.P. 9th Cir. 2012). If the debtor's domicile, residence, principal place of business, or principal assets were not located in one district for the entire 180 days, venue is proper in the district where one or more have been located for the longest period within that 180-day period. *See In re Donald*, 328 B.R. 192, 203 (B.A.P. 9th Cir. 2005).

Debtor filed her bankruptcy petition on July 5, 2024. ECF No. 1. Thus, under § 1408, the relevant 180-day lookback period would be between January 7, 2024, and July 5, 2024.

1. Debtor cannot establish venue in the Western District of Washinton based on Domicile or Residence.

    a. *Debtor did not reside in Washington during statutory lookback period*.

Residence, for purposes of venue, is where the individual is physically present much of the time. *In re Frame*, 120 B.R. 718, 723 (Bankr. S.D.N.Y. 1990). However, "the mere bodily presence of a person in a place by no means makes that place his residence for the purposes of venue." *Id*. Residence means "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *In re Handel*, 253 B.R. 308, 310 (B.A.P. 1st Cir. 2000); *see also Residence*, Webster's Collegiate Dictionary (11th ed. 2012); *Residence*, Black's

---

[1] 28 U.S.C. § 1408 provides:
> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 4

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 4 of 12

Law Dictionary (9th ed. 2009). Although a debtor may have more than one residence, "only one such residence may qualify for the purpose of establishing venue under 28 U.S.C. § 1408(1) . . . the one where the debtor spent the majority of the 180 days prior to the bankruptcy filing." *Handel*, 253 B.R. 308 at 310. The primary consideration for residence is whether a debtor was physically present, living, in the district for the requisite ninety-one days. *See In re Donald* at 203 (B.A.P. 9th Cir. 2005).

In the present case, Debtor has not maintained a physical presence in Washington for the requisite ninety-one days prior to filing her bankruptcy petition. In Debtor's divorce proceeding, Debtor stipulates that she had been a resident of Salt Lake County, Utah "for at least three months prior to the filing of this action." Ex. A, p.1. The Stipulation also provides that Debtor's minor child, who lives with Debtor (*see* ECF No. 12, p. 29) resided in Utah "for at least six consecutive months immediately before the commencement of this proceeding," and that Utah is the home state of the child." Ex. A, p.2. Thus, per Debtor's own admission, between the dates of December 23, 2023, and June 11, 2023, Debtor lived, resided, and was physically present in Utah – not Washington. As such, there exists no credible basis to conclude Debtor resided in the Western District of Washington for the requisite ninety-one days as required by 28 U.S.C. § 1408.

  b. *Debtor was not domiciled in Washington during the statutory lookback period.*

Similarly, Debtor cannot establish domicile in Washington. Domicile consists of actual residence and the intent to remain there. *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). Domicile is one's permanent home; the single place where one has established a physical presence and demonstrated an intent to remain indefinitely. 328 B.R. 192 at 202; *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (defining domicile as where one has "established a fixed habitation or

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 5

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

abode in a particular place" with the intent to remain indefinitely). An individual can have only one domicile for purposes of legal venue. 328 B.R. 192 at 202 (B.A.P. 9th Cir. 2005). Domicile does not change unless and until a new one is acquired. *Moss*, 797 F.2d 747 at 750 ("A person's old domicile is not lost until a new one is acquired."). Establishing domicile is a two-prong inquiry. *Id.*; *see also Donald*, 328 B.R. 192 at 202. First, the court looks to whether a debtor maintained a physical presence in a particular place for the longer portion of the 180-day period preceding the filing of her bankruptcy case. 328 B.R. 192 at 202. Once the physical presence requirement has been satisfied, the court then considers whether a debtor manifested an intention to stay in such place indefinitely. *Id*. at 203. Physical presence is largely an objective inquiry, wherein courts consider where a debtor resides, as well as other objective facts such as the location of personal and real property, location of family, memberships, driver's license and automobile registration, and payment of taxes. 797 F.2d at 750. The intent inquiry "includes a subjective as well as an objective component, although the subjective component may be established by objective factors." *Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004).

When a person's domicile is in doubt, the inquiry generally involves whether the individual had the requisite intent to remain there. 328 B.R. at 203. An individual's own declarations regarding intent are pertinent, but not conclusive, and should be discounted when inconsistent with objective facts. *Id.*; 797 F.2d at 750 ("domicile is evaluated in terms of objective facts, and . . . statements of intent are entitled to little weight when in conflict with facts") (internal quotations omitted). Indeed, the Supreme Court has noted that "a declaration regarding intent for purposes of domicile is, of course, to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be contradicted or

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 6

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 6 of 12

negatived by other declarations and inconsistent acts." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 456 (1941).

Here, Debtor cannot substantiate either prong of the domicile analysis. For the same reasons set forth above, as conclusively established by the Divorce Court, Debtor has not established physical presence in Washington. Throughout the relevant period, she lived, resided, and was physically present in Utah. Given that Debtor has not satisfied the physical presence prong, her intent is irrelevant, and the inquiry necessarily ends.

However, even if Debtor could show physical presence, she cannot establish that she intended to reside in Washington indefinitely. To the contrary, all objective facts indicate Debtor intends to remain in Utah. First, Debtor has no ties to Washington. Her employer is located in Utah and Debtor works remotely. Likewise, as discussed in more detail in section two (2), Debtor's principal place of business remains in Utah. Utah is also where Debtor's child, over whom Debtor has primary physical custody, has a "significant connection" and where "substantial evidence . . . concerning the child's care, protection, training, and personal relationships is located." Ex. B, p.2; Ex. C, p.2. Moreover, the Stipulation and Divorce Decree both provide that Debtor will reside in the Utah Home until it sells. Ex. A, p. 8; Ex. B, p. 8; Ex. C, p. 9

In sum, Debtor's statements of intent to domicile in Washington should be wholly rejected when viewed together with Debtor's other declarations and the Divorce Court order.

> c. *The doctrine of collateral estoppel precludes Debtor from asserting venue based on domicile or residence.*

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 7

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 7 of 12

Principles of collateral estoppel apply in bankruptcy. *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001); *In re Plyam*, 530 B.R. 456, 462 (B.A.P. 9th Cir. 2015). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001); *In re Plyam*, 530 B.R. 456, 462 (B.A.P. 9th Cir. 2015). Here, the preclusion law of Utah governs.

In Utah, collateral estoppel "prevents the relitigation of issues that have been once litigated and determined in another action even though the claims for relief in the two actions may be different." *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 31, 194 P.3d 956, 966. Utah courts will apply the doctrine of collateral estoppel when:

> (i) the party against whom issue preclusion is asserted was a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication is identical to the one presented in the instant action; (iii) the issue in the first action was completely, fully, and fairly litigated; and (iv) the first suit resulted in a final judgment on the merits.

*Amundsen v. Univ. of Utah*, 2019 UT 49, ¶ 24, 448 P.3d 1224, 1231-32 (explaining "if the same issue was finally resolved in an earlier case and otherwise meets the elements of issue preclusion, then further litigation of that issue is barred—even if the issue is a threshold matter of jurisdiction, and does not go to the merits of the underlying dispute") (cleaned up).

i. <u>Debtor initiated both legal actions</u>.

Debtor filed the petition for divorce on June 11, 2024, in the Third Judicial District Court of Salt Lake County for the State of Utah (the "Divorce Court"). On July 5th, Debtor filed her Chapter 13 bankruptcy petition in the Western District of Washington. As Debtor initiated and was party to both legal actions, the first element of collateral estoppel is satisfied.

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 8

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 8 of 12

### ii. Venue is a threshold requirement in both legal actions.

Venue is a threshold requirement in Utah divorce proceedings. To file for divorce in Utah, the petitioner or respondent must be an "actual *and* bona fide resident of this state and of the county where the action is brought." Utah Code Ann. § 30-3-1. The statute mandates both "actual" and "bona fide" residency requirements. *Munsee v. Munsee*, 363 P.2d 71, 72 (Utah 1961) ("Most jurisdictions do not have our 'actual and bona fide' residence requirement."). "'Actual' residence requires physical presence." *Bustamante v. Bustamante*, 645 P.2d 40, 41 (Utah 1982). "The term 'bona fide' resident connotes a good faith intention to reside in a particular place and is "synonymous with 'domicile.'" *Munsee*, 363 P.2d at 72; *Bustamante*, 645 P.2d at 41. Whether a person was an "actual or bona fide resident," has been informed by such factors as voting, owning property, paying taxes, having family in the area, maintaining a mailing address, being born or raised in the area, working or operating a business, and having children attend school in the forum. *Id*. Thus, an individual must establish both domicile and residence in Utah in order to initiate a divorce proceeding. *Weiss v. Weiss*, 179 P.2d 1005, 1008 (Utah 1947) (The "actual and bona fide resident" requirement is a "prerequisite[] to the district court obtaining jurisdiction . . . in a particular divorce action.").

Venue is also a threshold requirement in bankruptcy cases. As discussed, a debtor may establish venue based on either domicile or residence. Residence requires physical presence and domicile requires physical presence and intent - these requirements mirror the "actual and bona fide" requirements of Utah Code Ann. § 30-3-1. Accordingly, the second element of collateral estoppel is established.

### iii. The issue of venue was fully resolved in Debtor's divorce proceedings.

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 9

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 9 of 12

Debtor filed the Divorce Proceedings in the Divorce Court. In doing so, Debtor necessarily raised the issues of domicile and residence for purposes of establishing venue. As previously discussed, Debtor stipulated, under penalty of perjury, that she had maintained a physical presence in Utah between the dates of December 23, 2023, and June 11, 2024, and intended to remain in Utah. Ex. A., p. 1. As such., Debtor's stipulation establishes the third element of collateral estoppel.

In Utah, the district court presiding over a divorce proceeding must make an independent determination that venue is proper. Such determination was made in this case. As set forth in its July 15, 2024, Findings of Facts and Conclusions of Law and Divorce Decree, the Divorce Court determined Debtor satisfied the "actual and bona fide resident" requirement for Salt Lake County, Utah. Ex. A, p.1; Ex. B, p.2. The Divorce decree is a final judgment on the merits with regard to Debtor's domicile and residence for the relevant period. Therefore, the fourth and final element of collateral estoppel is established.

2. **Washington is not Debtor's principal place of business**.

An entity's principal place of business is its "nerve center" or the place where significant business decisions are made. *See Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) ("principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

Debtor's principal place of business is Utah. Pursuant to the Utah Division of Corporations, Debtor's business, Jennifer Ruth Kamp LLC, Entity Number 12542204-0160, remains an active Utah limited liability company with a business address of 2246 W Surrey Road Taylorsville, UT

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 10

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 10 of 12

84129.[2] What's more, it appears the business license was last renewed on January 30, 2024, in Utah. *Id*. If Debtor had relocated to Washington on January 4, 2024, as she claims, it is difficult to ascertain why she would choose to maintain the Utah business address. Finally, Debtor's Linkedin provides that she is a Social Media Manager, Podcast Host/Podcast Editor/Life & Spiritual Coach CLC CSC located in Salt Lake City Utah.[3]

The principal place of business for Jennifer Ruth Kamp LLC, and her other businesses, has always been Utah. Consequently, Debtor cannot utilize principal place of business to establish venue.

3. **Debtor's assets are not located in Washington**.

Courts have applied a "context-specific analysis" that construes "principal place of assets … in a way most resonant with the functional concerns of the administration of the bankruptcy estate [since] all assets in question will be administered by a trustee serving under the jurisdiction of the forum court." *Blixseth*, 484 B.R. 360 at 367.

Here, Debtor's only significant asset is her interest in the Utah Home. Per Schedule A/B the real property is valued at $1,104,000. ECF No. 12, p. 7. On June 4th, prior to initiating the divorce proceeding and within ninety days of her bankruptcy petition, Debtor transferred her interest in the Utah Home via quit claim deed to her husband. It appears Debtor may have transferred the real property in an attempt to evade numerous claims resulting from a defamation lawsuit against Debtor. The transfer would likely be subject to unwinding under 11 U.S.C. §§ 547

---

[2] Utah Division of Corporations, Business Search, https://secure.utah.gov/bes/displayDetails.html (last visited Jul. 30, 2024).

[3] Linkedin, People, http://www.linkedin.com/in/jennkamp (last visited Jul. 30, 2024).

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 11

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 11 of 12

or 548. Given the complexities of the claims against the real property and the fact that the real property is located in Utah, venue based on principal place of assets would be proper in Utah, not Washington.

Washington was not Debtor's domicile, residence, principal place of business, or principal place of assets during the relevant 180-day lookback period. Therefore, Debtor has not established venue under any alternative bases set forth under 28 U.S.C. § 1408. Consequently, venue does not lie in the Western District of Washington.

**B. Debtor's Chapter 13 Case Must be Dismissed or Transferred.**

Section 1406 of Title 28 and Federal Rule of Bankruptcy 1014 govern improper venue in bankruptcy cases. *See Thompson v. Greenwood*, 507 F.3d 416, 418–19 (6th Cir.2007), *cert. denied*, 555 U.S. 880 (2008). Under the statute, improper venue must result in either dismissal or, "if it be in the interest of justice" transferred to the district in which it could have been brought. 28 U.S.C. § 1406. Federal Rule of Bankruptcy Procedure 1014(a)(2) states: "If a petition is filed in an improper district, the court ... may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."

Given that Debtor's own statements, made under penalty of perjury, indicate Debtor's domicile, residence, principal place of business, and principal assets were all located in Utah, Trustee believes that transfer to the bankruptcy court in the District of Utah is likely in the best interest of justice and the forum most convenient for all parties of interest to the bankruptcy case.

Dated this 30th day of July, 2024 at Tacoma.

                /s/Amanda S. Douglass_____
                Amanda S. Douglass, WSBA #58822 for
                Michael G. Malaier, Chapter 13 Trustee

TRUSTEE'S NOTICE AND MOTION TO DISMISS OR TRANSFER - 12

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 24-41481-MJH    Doc 23    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 12 of 12