Jessica Moody, LPP No. 61015
MOODY BROWN LAW
2525 N. Canyon Rd.
Provo, Utah 84604
Telephone: (801) 356-8300
jessica@moodybrown.com

Licensed Paralegal Practitioner for Petitioner

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
STATE OF UTAH
450 South State St, P.O. Box 1860, Salt Lake City, UT 84114

| | |
|---|---|
| *In the matter of the marriage of:*<br><br>JENNIFER RUTH KAMP,<br><br>    Petitioner,<br><br>and<br><br>JASON PAUL KAMP,<br><br>    Respondent. | **STIPULATION**<br><br><br><br><br><br>Civil No. 244903181<br>Judge Kouris<br>Commissioner Tack |

COME NOW the parties undersigned and represent to the Court that the following terms are fair and reasonable. The parties stipulate and agree, as follows:

**GROUNDS AND JURISDICTION**

1. <u>Residency</u>. Petitioner (hereinafter "Jennifer") has been a resident of Salt Lake County for at least three months prior to the filing of this action.

2. <u>Marriage Statistics</u>. Jennifer and the Respondent (hereinafter "Jason") were married on May 16, 1996, in Murray, UT. Parties separated on or about March 10, 2024.

3. <u>Grounds</u>. Since the marriage, there have arisen irreconcilable differences between them, making it impossible to continue the marital relationship.

## CHILD CUSTODY

4. <u>Child</u>. There have been 4 children born as issue of this marriage, only one of whom is a minor:

| Name | Month/Year of Birth |
|---|---|
| GMK | August 2006 |

5. <u>Child Custody Jurisdiction</u>. Utah has jurisdiction to make the initial child custody determination pursuant to U.C.A. §78B-13-101, *et seq.* The child has resided in Utah for at least six consecutive months immediately before the commencement of this proceeding, and Utah is the home state of the child. A court of another state does not have jurisdiction over the child, and the child and at least one parent have a significant connection with Utah, and substantial evidence is available in Utah concerning the child's care, protection, training, and personal relationships.

6. <u>Custody/Visitation</u>. The parties should be awarded joint legal custody of the minor child with Jennifer awarded sole physical custody, subject to parent time at reasonable times and places in accordance with the needs and wishes of the minor child.

## PARENTING PLAN

7. <u>Parenting Plan</u>. The parties should be bound by the following parenting plan which is filed in good faith:

    a. Special consideration should be given by each parent to make the child available to attend family functions including funerals, weddings, family reunions, religious holidays, important ceremonies, and other significant events in the life of the child or in the life of either parent which may inadvertently conflict with the parent-time schedule;

b. The parents should notify each other of any special events involving the child such as school activities, church events, sports events, graduations, etc., so that each party should have the option of attending the special event if possible. For any event that is not posted online, each party should notify one another within 24 hours of receiving notice of all significant school, social, sports, and community functions in which the child is participating or being honored, and both parties should be entitled to attend and participate fully. The parties should share passwords for any school website so each can access events and school work online.

c. For emergency purposes, when traveling with the minor child, the parties should give all information required by Utah Code § 30-3-36, to wit: (1) an itinerary of travel dates; (2) destinations; (3) phone numbers where the child or traveling parent can be reached; and, (4) the name and telephone number of an available third person who would be knowledgeable of the child's location.

d. Either parent may make emergency decisions regarding the health or safety of the child.

e. The parent, with whom the child is residing at the time, should make day-to-day decisions regarding the care, control and discipline of the parties' child.

f. Each parent should notify the other parent of significant illnesses the child may have when they are at each parent's individual homes.

g. Both parents should be allowed to call the minor child at reasonable times. The child may call either parent at reasonable times.

h. Any parental rights not specifically addressed by this Parenting Plan may be exercised by the parent having physical custody of the child the majority of the time.

i. <u>SERVICEMEMBER(S):</u> Neither parent is currently serving in the military. In the event that either does enlist in the future, the parenting plan shall be amended to contain provisions that address the foreseeable parenting and custodial issues likely to arise in the event of notification of deployment or other contingency, including long-term deployments, short-term deployments, death, incapacity, and noncombatant evacuation operation.

**CHILD SUPPORT**

8. <u>Child Support</u>. Jason's gross monthly income is $10,524. Jennifer's gross monthly income is $5,000. Father's child support obligation should be $931 per month. The child support obligation of Father should be effective July 1, 2024, and continue in accordance until a child becomes 18 years of age or graduates from high school during the child's normal and expected year of graduation, whichever occurs later, or if the child dies, marries, becomes a member of the armed forces of the United States or is emancipated.

9. <u>Time and Method of Payment</u>. Jason should make said child support payments to Jennifer, one-half on or before the fifth day of each month and one-half on or before the twentieth day of each month. Jennifer is allowed to implement automatic income withholding procedures through the State of Utah, Office of Recovery Services.

**CHILD CARE, SCHOOL FEES, AND EXTRACURRICULAR ACTIVITIES**

10. <u>Child Care Expenses</u>. Due to the age of the minor child, the parties do not anticipate the need for work-related child care; however, should it become necessary, the parties will adopt the guidelines found in U.C.A. §78B-12-214.

11. <u>School Fees.</u> The minor child has graduated from high school and all secondary education school fees have been paid.

4

Case 24-41481-MJH    Doc 23-1    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 4 of 15

12. <u>Extracurricular Activities.</u>. Each party shall be ordered to assume and be responsible for fifty percent (50%) of any out-of-pocket amount incurred for any mutually agreed-upon in writing extracurricular activities that the minor children may be involved in. The party incurring the extracurricular activity out-of-pocket costs shall submit to the other party verification of the incurred expense, such as a receipt or an invoice, within thirty (30) days of payment or receiving the same and shall be reimbursed by the other party within thirty (30) days of receiving the verification of incurred expenses. A party who incurs an expense for a child's extra-curricular activity without receiving prior consent from the other parent shall be solely responsible for that expense.

## INSURANCE

13. <u>Medical/Dental Expenses</u>. In accordance §78B-12-212, the court will order that insurance for the medical expenses of the minor children be provided by a parent. Either parent shall provide health care coverage for the medical expenses of their minor children as defined by 78B-12-102. The party who can obtain the best coverage at the most reasonable cost will obtain insurance for the medical expenses of the minor children.

  a. Each parent will share equally the out-of-pocket costs of the premium actually paid by a parent for the child's portion of insurance. The child's portion of the premium is a per capita share of the premium actually paid. The premium expenses for the child will be calculated by dividing the premium amount by the number of persons covered under the policy and multiplying the result by the number of children in the instant case. A parent may deduct the other parent's health insurance premium share from the child support obligation if they are the child support obligor and are paying the health insurance premiums as indicated herein.

b. Each parent will share equally all reasonable and necessary uninsured medical, dental, orthodontia, eye care, counseling, prescriptions, deductibles, and copayments, incurred for the dependent child and actually paid by the parents.

c. The parent ordered to maintain insurance will provide verification of coverage to the other parent upon initial enrollment of the dependent child, and thereafter on or before January 2, of each calendar year, if there is a change in the previous coverage or provider. The parent will notify the other parent of any change of insurance carrier, premium, or benefits within 30 calendar days of the date he or she first knew or should have known of the change.

d. The parent who incurs medical and dental expenses will provide written verification of the cost and payment of medical and dental expenses to the other parent within 30 days of payment. The other parent will remit payment within 30 days of receipt of the verification. If neither party is able to secure said insurance at a reasonable cost, each party should be responsible for the payment of one-half of all reasonable and necessary medical and dental expenses for the minor child as indicated.

e. In addition to any other sanctions provided by the court, a parent incurring medical expenses may be denied the right to receive credit for the expenses or to recover the other parent's share of the expenses if that parent fails to comply with Subsection (d).

f. If, at any point in time, the dependent child is covered by the health, hospital, or dental insurance plans of both parents, the health, hospital, or dental insurance plan of Jennifer will be primary coverage for the dependent child and the health, hospital, or dental insurance plan of Jason will be secondary coverage for the dependent child. If a parent remarries and his or her dependent child is not covered by that parent's health, hospital, or dental insurance plan but is covered by a step-parent's plan, the health, hospital, or dental insurance plan of the

6

step-parent will be treated as if it is the plan of the remarried parent and will retain the same designation as the primary or secondary plan of the dependent child.

    g. <u>Division of Accounts</u>.  Pursuant to Utah Code Annotated §15-4-6.7, the parties may elect that medical/dental or school expenses be divided by the service provider into two separate accounts for payment, one for each parent as long as the service provider receives a copy of the Decree of Divorce at or before the day on which the service provider first renders medical/dental services or issues a bill for school fees.

## TAX CREDIT

  14. <u>Child Tax Credit</u>.  Jennifer will be entitled to claim the minor child as a child tax credit for the 2024 tax year.

## ALIMONY

  15. <u>Alimony</u>.  Jennifer and Jason are each capable of supporting himself and herself; and, therefore, neither should be awarded alimony.  Both Jennifer and Jason waive and relinquish the right to receive alimony from the other both now and in the future.

## PROPERTY

  16. <u>Personal Property</u>.  During the course of the marriage relationship, the parties have acquired certain personal property.  The parties are each awarded the personal property *that is in his or her respective possession on the date of the Stipulation*, or except where further specified as follows:

| Item Description: | Awarded to: |
|---|---|
| 2020 Hyundai Kona Electric Limited | Jennifer |
| 2003 Chevy Truck Silverado | Jennifer/ERK (adult child) |
| 1999 Ford F250 Truck | Jason |
| Tractor | Jason |
| 2018 Hyundai Kona | Jason |
| 2009 Hyundai Elantra | Jason/GMK (minor child) |

7

| Joint MACU Checking Account x8875 | ½ each |
| --- | --- |
| Jennifer's MACU Checking/Savings Account x5035 | Jennifer |
| Jason's MACU Checking/Savings Account | Jason |
| Charles Schwab Investment Account x5841 | Jason |
| URS Retirement Account x9926 | Jason |

      a. During the course of the marriage, the parties acquired separate checking and savings accounts. Each party should be awarded the money in his or her separate checking, and/or savings accounts as his/her sole separate property with no claim by the other party. Jennifer and Jason have a joint account at Mountain America Credit Union which they will close no later than 10 days from the signing of the Stipulation.

      b. The parties will pick up personal property from the marital home within 30 days from the date the Stipulation is signed at a mutually agreed upon time. Both parties will cooperate with each other in distributing the personal property.

      17. <u>Real Property</u>. During the course of the marriage, the parties acquired a home and real property located at 2246 W Surrey Road, Taylorsville, UT. Said property has been listed and should be sold as soon as reasonably practicable.

      a. Jennifer has already signed a Quit-Claim Deed, transferring all of her interest in the real property to Jason.

          i. This effectuated the pay-off of the debt Jennifer owed Jason (see paragraph 19) and her debt to him is now considered paid-in-full.

      b. Jennifer should reside in the home until it sells.

      c. Jennifer will maintain the home. In the event repairs are required, and deemed necessary by the listing agent, the parties will pay ½ each.

      d. The mortgage payment will be paid by Jason.

8

     e. Jason will be entitled to claim the mortgage interest deduction on the home until the home is sold.

     f. The listing and selling price of the home will be mutually determined by the parties. If the parties cannot agree, this issue is reserved by the Court.

     g. All real estate taxes and property insurance which are not escrowed will be paid as follows: ½ to each party.

     h. Any lien on the property in Jennifer Kamp's name will be paid by Jennifer in order to effectuate closing of the home sale.

     i. When the home sells, the proceeds of the sale will be applied as follows:

       i. First, to pay expenses of sale;

       ii. Second, to retire all joint mortgages;

       iii. Last, as part of the parties' global settlement agreement, any and all remaining proceeds will be awarded to Jason.

## BUSINESS INTERESTS

  18. <u>Business Interests</u>. During the course of the marriage, the parties acquired an interest in *Jennifer Ruth Kamp LLC*. Said business interest should be awarded to Jennifer free and clear of any claim from Jason. Jennifer is also awarded all right, assets, accounts and interest in the business and will assume and pay all debt associated with the business holding the Jason harmless from liability therefrom.

## DEBTS

  19. <u>Debts</u>. Jennifer and Jason have acquired debts during the marriage. Each will assume, and hold the other harmless from liability on, the following debts:

9

| Creditor | Approx. Balance | Obligation of: |
|---|---|---|
| MACU x8875 ID 01 (2018 Hyundai Kona) | $10,832.38 | Jason |
| MACU x8875 ID 64 (2003 Chevrolet Silverado Truck) | $6,184.52 | Jennifer |
| Golden West Credit Union (2020 Hyundai Kona EV) | $27,640.45 | Jennifer |
| United Wholesale Mortgage company | $559,582.41 | Jason (to be paid with proceeds of home sale) |
| Jason Kamp | $174,280 | Jennifer (paid in full with recording of Quit Claim Deed) |
| MACU x8875 ID 86) HELOC (legal fees) | $100,000 | Jason (to be paid with proceeds of home sale) |
| Hepworth Legal Fees | $98,0000 | Jennifer |

      a. Neither party will incur any additional liability on joint credit cards or any joint accounts.

      b. <u>Other Debts</u>. Each party will be responsible to pay any other debt he or she individually incurred. If any other joint debts are later discovered and not stated and divided herein, the person incurring the debt will be solely responsible for the payment thereof and should hold the other party harmless therefrom.

      c. <u>Creditors</u>. The parties understand that for joint debts upon the entering of the Decree of Divorce of joint debtors, the claim of a creditor remains unchanged unless otherwise provided by the contract, or until a new contract is entered into between the creditors and the debtors individually.

      d. <u>Notification to Creditors</u>. The parties may notify their respective creditors for joint debts regarding the court's division of debts, obligations, or liabilities, and regarding the parties' separate current addresses.

e. <u>Delinquency in Payments</u>. If either party is obligated on a joint-secured debt, the payment of that debt must remain current. In the event that a payment is not paid in a timely manner, the secured asset must be placed immediately on the market for sale in order to protect the joint debtors. A party who makes payment on a delinquent debt in order to protect his or her credit rating, may seek reimbursement of the payment of that debt in addition to interest and attorney's fees from the other party.

## FINANCIAL ACCOUNTS

20. <u>Retirement</u>. Both parties have retirement, pension, 401 (k), stock, stock options, and/or profit sharing plans through his or her places of employment or otherwise. Jennifer has a John Hancock retirement account (x8868) and Jason has a Decision Point account (x9926). As part of the global settlement, it is fair and equitable that Jennifer and Jason will each be awarded her or his own retirement accounts, pension funds, or individual retirement accounts, free and clear of any claim by the other party

## **LIFE INSURANCE**

21. <u>Life Insurance</u>. Neither party has an interest in any life insurance policy which has a cash value. The parties will maintain or cancel their individual policies as they see fit.

## MUTUAL RESTRAINT

22. Jennifer and Jason are restrained from speaking derogatorily about the other parent or speaking to the child about the issues in this case, or from attempting to influence a child's preference regarding custody or parent time which would tend to diminish the love and affection of the child for the other parent. Jennifer and Jason should be mutually restrained from harassing, annoying, or otherwise bothering the other party. Jennifer and Jason should be mutually restrained from allowing third parties to do what they themselves are prohibited from

doing under this paragraph, and will have the affirmative duty to use his or her best efforts to prevent third parties from such violation, or will remove the child from such circumstances.

23. Both parties should be restrained from making visitation arrangements through the children or from using the minor child as a messenger.

24. Neither party should use the other party's name, likeness, image, identification, or credit of the other party to obtain credit, open an account for service, to post to websites such as Facebook or other social media.

25. Both parties should be restrained from coming to the home, work place, or places where the other party is known to be present without the other party's express permission. Prearranged parent-time exchanges should be an express exception to this restraint.

26. <u>Resolution</u>. Except for exigent circumstances or enforcement, the parties will participate in mediation prior to initiating litigation in the court.

## MISCELLANEOUS PROVISIONS

27. <u>Attorney's Fees and Costs</u>. Each of the parties should be ordered to assume his or her own respective attorney fees and litigation costs incurred in this action.

28. <u>Former Name</u>. Should she desire, Jennifer should be restored to her former name of Jennifer Ruth Erickson. The Court should enter an Order of Name Change, if necessary.

29. <u>Non-Representation Clause:</u> Jason acknowledges that he has a right to retain counsel to represent him in this matter, but has decided not to seek legal representation. He understands that he is not entitled to rely upon the legal counsel of Jennifer to inform him of his legal rights, and acknowledges that Jessica Moody is counsel for Jennifer and is not acting as counsel for Jason.

30. <u>Discovery and Valuation of Assets and Debts</u>:  The parties acknowledge that there has been informal discovery only in this matter and that this agreement is based upon the information voluntarily supplied by the parties.  Said parties do not desire to exercise any further discovery rights including, but not limited to, interrogatories, requests for documents, requests for admissions, oral depositions, rights to subpoena records and/or rights to obtain appraisers, accountants or actuaries.  Said parties do not desire, to exercise the right to have a Court determine the division of assets and obligations, the award of support, or any and all other issues.  Said parties waive all of the rights described above.  Even if this agreement is signed by counsel of the parties, said counsel cannot be responsible with regard to the nature, extent, condition or value of any of the assets or obligations, be they marital or separate, confirmed or disposed of by way of this agreement.  Further the parties have not relied upon representations of said counsel in any way in the determination of the acceptability of this agreement, the valuation of the assets or obligations, or the willingness of the parties to agree hereby and have this agreement made an order of this Court.

31. <u>Fair Settlement Disclosure</u>:  Both parties disclose that the terms herein are fair and reasonable and that they agree to the terms herein voluntarily and of his or her own free will, and that he or she does so free from any undue influence, threat, or duress.

32. <u>Final Stipulation</u>:  This Stipulation is entire and complete and embodies all understandings and agreements between the parties.  No prior or contemporaneous oral or written agreements or matters outside of this Stipulation shall have any force or effect.  Jennifer and Jason are aware that they have a right to proceed to trial in this matter to present all of their evidence and witnesses, but waive this right.  Jennifer and Jason are satisfied that the Stipulation is fair and reasonable.  There are no questions Jennifer and Jason have to ask or unresolved

13

Case 24-41481-MJH    Doc 23-1    Filed 07/30/24    Ent. 07/30/24 15:27:14    Pg. 13 of 15

issues that need to be addressed. All issues either party wishes to raise have been incorporated in this stipulation.

33. The parties understand that Jennifer's counsel does not offer legal advice as to the tax implications herein and are aware that they have the right to seek advice from a tax expert as to the specific tax consequences to them prior to signing the Stipulation.

34. Both parties will sign whatever documents are necessary to transfer title and quit claim deeds or any other documents necessary that are outlined in the Decree of Divorce and are necessary to implement the Decree of Divorce.

35. The parties agree that the above-referenced court has jurisdiction to make a final determination in this action. The court has authority to enter final documents and a Decree based on the Stipulation of the parties.

36. The Stipulation of the parties becomes effective when signed by all parties.

Dated 7/11/2024.

*Jennifer Ruth Kamp*
ID iyv5ywdEu3Htqy4wfKoNhRFv
JENNIFER RUTH KAMP, Petitioner

Dated 7/11/2024.

*Jason Kamp*
ID fvM2L1rtfe91wabxRrgtVOtX
JASON PAUL KAMP, Respondent

Dated July 11, 2024.

*Jessica Moody*
JESSICA MOODY
Licensed Paralegal Practitioner for Petitioner

14

# eSignature Details

**Signer ID:**      **iyv5ywdEu3Htqy4wfKoNhRFv**
Signed by:          Jennifer Ruth Kamp
Sent to email:      jenniferruthkamp@gmail.com
IP Address:         136.38.120.177
Signed at:          Jul 11 2024, 3:44 pm MDT

**Signer ID:**      **fvM2L1rtfe91wabxRrgtVQtX**
Signed by:          Jason Paul Kamp
Sent to email:      jkamper@live.com
IP Address:         73.221.199.201
Signed at:          Jul 11 2024, 3:45 pm MDT