The Honorable Mary Jo Heston
Chapter 13
Hearing Date: September 12, 2024
Hearing Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In Re:<br><br>JENNIFER RUTH KAMP,<br><br>Debtor | Case No. 24-41481-MJH<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN BY OPEN STORIES FOUNDATION AND JOHN DEHLIN** |
|---|---|

## I. INTRODUCTION/REQUESTED RELIEF

Creditors Open Stories Foundation ("OSF") and John Dehlin, through their undersigned counsel, hereby object to confirmation of the proposed Chapter 13 Plan (the "Plan") of Debtor Jennifer Ruth Kamp ("Debtor"). Confirmation of the Plan should be denied because it does not satisfy the "best interest" of the creditors test as required by 11 U.S.C. § 1325(a)(4) and it has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

## II. SUMMARY OF RELEVANT BACKGROUND

OSF is a foundation based out of Utah that broadcasts a podcast focusing on individuals' personal stories of their experience with religion.[1] Mr. Dehlin is the executive director of OSF and the primary host of the podcast. On February 7, 2023, OSF and Mr. Dehlin filed a civil lawsuit

---

[1] See generally, Declaration of John Dehlin, Dkt No. 30.

OBJECTION TO CONFIRMATION         -1-
OF DEBTOR'S CHAPTER 13 PLAN

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 1 of 6

for defamation against Ms. Kamp in Third District Court in Salt Lake City, Utah, Case No. 230900882. Ms. Kamp is a former employee of OSF, who, when terminated, spread verifiably false rumors about Mr. Dehlin and OSF to OSF's donors and listeners. The lawsuit was filed against Ms. Kamp after Ms. Kamp refused to retract her defamatory statements.

In April 2024, an attorneys' fees judgment was awarded to OSF for Ms. Kamp's repeated violation of the Court's orders. Several weeks later the Utah Court entered an order striking Ms. Kamp's answer and granting OSF and Mr. Dehlin a judgment against Ms. Kamp, again because of Ms. Kamp's repeated violations of the Court's orders and spoilation of evidence. The Court had set a hearing date for August 15, 2024, to determine the amount of damages to be awarded to OSF and Mr. Dehlin.

In an apparent effort to thwart the Utah litigation, the Debtor quitclaimed her interest in her residence located in Taylorsville, Utah, to her husband, Jason Kamp, on or about May 5, 2024. The Debtor then filed for protection under Chapter 13 of the Bankruptcy Code on July 5, 2024. Approximately six days after filing for bankruptcy protection, the Debtor entered into a stipulation with her former husband pursuant to which the Debtor agreed to quit-claim her interest in the family residence located in Taylorsville, Utah (the "Stipulation"). The Stipulation was filed as part of her divorce proceedings pending in the Third District Court in Salt Lake City, Utah, Case No. 244903181. On July 15, 2025, Findings of Fact and Conclusions of Law were entered in the Utah divorce proceeding. The Debtor's former husband, Jason Kamp, was awarded the family residence.

Both the Debtor and Mr. Kamp have since acknowledged that transfer of the residence was a preference. Specifically, both the Debtor and Mr. Kamp have agreed to the following statement:

Debtor transferred her 50% interest in the real property located at 2246 W Surrey

OBJECTION TO CONFIRMATION -2-
OF DEBTOR'S CHAPTER 13 PLAN

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 2 of 6

Rd, Taylorsville, Utah 84129 to her husband, Jason Kamp, in May 2024. This transfer is a prefiling preference. To resolve the preference, the Debtor's husband, through his attorney intends to coordinate with the Trustee and transfer the Debtor's interest back to the bankruptcy estate preconfirmation by agreement. Once the real property is transferred to the bankruptcy estate, the real property will be sold in coordination with the Debtor's husband pursuant to the agreement with the Trustee. The precise amount of the value of the 50% interest in the real property is unknown.

Mr. Kamp suggests that the value of the Debtor's interest in the Utah residence is in the range of $160,000.00 while the Trustee suggest that value is in the range of $220,000.00. The Debtor's Schedules suggest a value of $172,731.00.

### III. DEBTOR'S PROPOSED PLAN

Debtor is a below median income debtor who has proposed 36-month plan making monthly payments of $582.51. Paragraph IV(E) of Debtor's proposed Plan provides that nonpriority unsecured creditors shall not receive any payments under the Plan. Paragraph IX of Debtor's proposed Plan, however, states that the liquidation value of the estate is $44,436.97. Except for the reference of unwinding the prefiling preference involving the real property located at Taylorsville, Utah in Paragraph X of Debtor's Plan, the Plan makes no provisions for the distribution of the Debtor's interest in proceeds of the sale of the property.

### IV. DEBTOR'S PROPOSED PLAN DOES NOT SATISFY THE "BEST INTEREST" OF THE CREDITORS TEST AS REQUIRED BY 11 U.S.C. § 1325(A)(4)

The "best interest" test of 11 U.S.C.S. § 1325(a)(4) requires that the value, as of the effective date of a debtor's Chapter 13 plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. *In re Gibson*, 415 B.R. 735, 736, (Bankr. D. Arizona 2009). Debtor's Plan does not satisfy this test.

Paragraph IV(E) of Debtor's Plan states that no payments will be made to unsecured

OBJECTION TO CONFIRMATION -3-
OF DEBTOR'S CHAPTER 13 PLAN

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 3 of 6

creditors. This statement is directly disputed by Paragraph IX of Debtor's Plan which states that the liquidated value of the estate is $44,436.97. It is unclear how Debtor calculated this amount. Regardless, Debtor's plan cannot be confirmed where the liquidation value exceeds the proposed payments to unsecured creditors. See 11 U.S.C.S. § 1325(a)(4).

Furthermore, Debtor's calculation of the liquidation value is flawed. Debtor has failed to account for the unwinding of the prefiling preference. According to both the Debtor and the Debtor's former husband, they have both agreed to cooperate with the Trustee to complete the sale of the Utah property, and further agreed that the Debtor is entitled to receive fifty percent of the proceeds for the sale of the property. The amount of the Debtor's interest in the proceeds from the sale ranges from $160,000.00 to $220,000.00. Paragraph IX of the Debtor's Plan fails to account for the proceeds of the sale of the Utah property. Until Debtor has clarified the liquidation value of the Debtor's estate and how the Debtor proposes to disburse that amount, it is not possible for creditors, the Trustee, or this Court to evaluate the merits of Debtor's proposed Plan.

## V. DEBTOR'S PLAN HAS NOT BEEN FILED IN GOOD FAITH

In addition to the "best interests" of the creditors test, a court is also required to find that "the plan has been proposed in good faith and not by any means forbidden by law" under 11 U.S.C. § 1325(a)(3). The Ninth Circuit Court of Appeals requires the court to consider the totality of the circumstances to determine good faith. See *Drummond v. Welsh (In re Welsh),* 465 B.R. 843, 851 (9th Cir. BAP 2012), *aff'd,* 711 F.3d 1120, 1127-30 (9th Cir. 2013). The court should consider several factors, including (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner, (2) the debtor's history of filings and dismissals, (3) whether the debtor only intended to defeat state court litigation, and (4) whether egregious behavior is present. The court

OBJECTION TO CONFIRMATION -4-
OF DEBTOR'S CHAPTER 13 PLAN

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 4 of 6

is not required to find fraudulent intent by the debtor. *Id.*

The Debtor's plan is not proposed in good faith. First, the Debtor has not accurately stated her debts, expenses, and percentages of repayment. These inaccuracies, when compared with her contemporaneously filed and inconsistent divorce petition, demonstrate an intent to mislead this Court. Second, the type of debt sought to be discharged includes debts that are non-dischargeable in in Chapter 7 proceeding. OSF and Mr. Dehlin's claims would likely be non-dischargeable in a Chapter 7 proceeding. The Debtor provides no plan for re-paying those debts in her Plan. Third, the Debtor's primary motivation in seeking Chapter 13 relief is to avoid the debt of primarily two creditors, creditors whom she intentionally and maliciously injured and forced to incur significant and unnecessary litigation costs as already determined by the Utah court in the civil action against Ms. Kamp. This intentional avoidance of any plan to re-pay creditors who would be entitled to much better outcome under Chapter 7 bankruptcy weighs heavily in favor of rejecting the Debtor's Plan for lack of good faith.

### VI. SUMMARY

For the foregoing reasons, and such additional reasons as may be presented at the hearing on confirmation of Debtor's Plan, Creditors OSF and John Dehlin respectfully request this Court to deny confirmation of Debtor's Plan.

Dated the 5th day of September, 2024.

ALLEN CARLSON PLLC

  */s/ Christopher E. Allen*
Christopher E. Allen, WSBA #20877
950 Pacific Ave., Suite 510
Tacoma, WA 98402
Telephone: (253) 212-2599
Facsimile: (253) 248-0168
Email: callen@allencarlsonlaw.com

OBJECTION TO CONFIRMATION -5-
OF DEBTOR'S CHAPTER 13 PLAN

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 5 of 6

**PROOF OF SERVICE**

The undersigned certifies that on September 5, 2024, I electronically filed the foregoing Objection to Confirmation with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

Dated this 5th day of September, 2024.

*/s/ Christopher E. Allen*
Christopher E. Allen

OBJECTION TO CONFIRMATION
OF DEBTOR'S CHAPTER 13 PLAN

-6-

Allen | Carlson PLLC

950 Pacific Avenue
Suite 510
Tacoma, Washington
98402
(253) 212-2599

Case 24-41481-MJH    Doc 44    Filed 09/05/24    Ent. 09/05/24 13:29:08    Pg. 6 of 6