HONORABLE MARY JO HESTON
Hearing Date: September 12, 2024
Hearing Time: 1:00pm
Location: Tacoma, Washington
Response Date: September 5, 2024

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

RE:

JENNIFER RUTH KAMP,

DEBTOR.

CHAPTER 13

No. 24-41481-MJH

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

The Debtor through her attorney of record, David Smith of the Law Offices of David Smith responds to the objections of the Trustee and Open Stories Foundation and John Dehlin and provides a supporting declaration which is incorporated herein by reference.

**A. TRUSTEES OBJECTIONS TO PLAN**

As to the Trustee's objections, the Debtor asserts that she has disclosed all sources of income in her bankruptcy. In her declaration she advises that 1) she is no longer married to Jason Kamp; 2) Jason Kamp does not pay her rent, utilities or any other household expenses. And that, even though they live on the same property, they now keep their expenses separate.

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 1 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 1 of 6

In addition, Jason Kamp is currently making over $7,000 in payments to the former family home in Utah, which limits his ability to move out of the Gig Harbor Rental. In any event, the Debtor states that will change in the near future after the plan is confirmed and the Utah home is sold.

Since the Ex-husband and the Debtor are managing their finances separately and since any prior financial information would be their separate property and debts, the Ex-husband will not provide the Debtor with his income information, nor is he required to provide that information to the trustee voluntarily since the Debtor and the Ex-husband keep their finances separated. The circumstances of the Ex-Husband having to pay costs relating to a substantial asset of the estate should show the Trustee that there is no money for the Debtor and her Ex-Husband to combine in this case, therefore, since the Ex-Husband is not contributing, disclosure should not be required here.

The second issue that the Trustee raised is the eight potential claims listed in the petition should be contributed to the plan. The plan has been amended at Section X adding in language stating that the Debtor will pledge all non-exempt proceeds resulting from the eight non-exempt claims against third parties. See Amended Plan, Dkt 50.

The next issue is the pre-petition transfer of the Debtors former Utah home. The Debtor disclosed that transfer in her petition and has advised the Trustee she will cooperate with the trustee as needed and required to transfer her former Utah home back to the bankruptcy estate. In her plan of reorganization she identified that the Utah home will transferred and sold. See Amended Plan, Dkt 50. The Debtor added language to Section X of the amended plan that indicates her Ex-Husband will transfer the property back to the bankruptcy estate and the home will be sold. See Amended Plan, Dkt 50. Counsel for the Debtor is of the understanding that counsel for the Debtor's Ex-Husband is coordinating to quickly transfer the Utah home without further delay. See Amended Plan, Dkt 50.

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 2 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 2 of 6

As to the liquidation value, the plan has been amended at section X to accommodate the liquidation value concerns of the trustee. After the plan is confirmed, these issues will be resolved as the sale proceeds and funds are distributed to the Trustee. See Amended Plan, Dkt 50.

The Trustee had indicated that the Hepworth Legal claim should be paid at closing through escrow. The Debtor points out that debt was her separate debt and that Hepworth Legal claims of a lien should only be on the Debtors portion of the equity in the Subject Property from Utah. Since that is the Debtors separate debt, only her portion of the equity from the sale of the home should be utilized to pay the Hepworth Legal bill. Whether the Debtors portion of the proceeds from the sale or the Debtor and her Ex-Husband's portion will pay this bill is addressed section X of the amended plan. See Amended Plan, Dkt 50.

Next, the trustee raised the issue about transactional accounts not listed in the petition. There were five accounts not listed in the Petition Initially. They are as follows: Americas First CU Savings Account with $200.31; a Golden West CU Account with $7.11; Bank of America with $0.00; Venmo with $0.00; and Paypal with $0.00.

The debtor explains in her declaration why those accounts were not disclosed. She stated that she set up the Americas First CU Savings account for a Christmas promotion in 2021 and forget that account was still active and so she did not list it. As to the Golden West Account, it was set up to allow for a car loan and the Bank of America Account was set up to allow for payment on the Bank of America Alaska Credit Card Accounts. She states that she overlooked these accounts because she never use them and they always had a small amount of money in them.

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 3 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 3 of 6

As to the Venmo and Paypal accounts, the debtor states that she utilized those accounts for paying and repaying money for purchases and between people. She did not realize that those accounts could also be used as depository accounts and so they were overlooked.

All five accounts were added to Schedule B (see Dkt 49) and the Trustee was given the bank statements from the date of filing for all newly added accounts to schedule B but the Bank of America account. The Bank of America had to be requested in writing and it is expected that the paper statements will be sent to the debtor within a few weeks.

In addition to the issues relating to accounts, on Friday, August 30, 2024, the day before the long holiday weekend, the Trustee demanded that the debtor provide his office with two years of account statements for the Capital One credit card account within seven days. The Debtor immediately attempted to login and obtain those records online, but could not access them because of the bankruptcy filing. Because the Debtor could not access the accounts through the internet, she had to request, in writing, paper copies. The Debtor estimates that it will take several weeks to obtain the copies.

As to the Capital One request, the Debtor believes the Trustee is looking at the payments the Debtor made to Capital One in the 90 days prior to filing in the amount of $43,084 which was disclosed in the Debtors initial SOFA. The Debtor reports that the Capital One account was utilized for everyday expenses, and she would ordinarily pay those expenses off each month after they were incurred putting the balance of the Capital One account down to zero. The Trustee has not identified the concerns relating to the Credit Card statements, but it seems that there is no valid reason to hold up the Debtors confirmation of her plan based upon access to Credit Card records that may not be received for many weeks in this case.

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 4 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 4 of 6

The last concern of the Trustee raised was the wildcard exemption of $10,655.98 using the equity from the family home. That exemption has been removed in Schedule C. See Dkt 49.

These amendments and updated schedules and plan (Dkt 49) and (Dkt 50) should resolve all the issues that the Trustee had in his objection under Dkt 40 and the Debtor, accordingly, the Trustee's objections should be overruled and the filed amended plan (Dkt 50) be confirmed.

B. OPEN STORIES FOUNDATION AND JOHN DEHLIN OBJECTIONS

First, creditors Open Stories Foundation ("OSF") and John Dehlin ("Dehlin") filed an objection to the plan listing their concerns that the plan is not in the best interest of the estate based upon the liquidation value. To the extent their concerns required amending the Chapter 13 Plan, their issues were remedied by the Debtors filing of the amended schedules and plan. See Dkt 49 and Dkt 50.

The second issue as that OSF and Dehlin claim that proposed plan is advance in bad faith and forbidden by law. The concerns that seemed to be raised, without a factual basis, is that the Debtor has not accurately stated her debts, expenses, and percentages of repayment. That is an incorrect statement regarding the debtor's schedules and good faith plan. Many times debtors file schedules in their initial case and small errors arise. That is not uncommon in bankruptcy. The issue can arise where a material non-disclosure affects creditors in a case such as failing to list a valuable asset or not disclosing prefiling transfers. That is not the case here, the Debtor did not fail to list assets of substantial value or failed to disclose the transfer of assets in this case. The updates to the Debtors schedules are minimal at best and do not contain any assets of value to the estate.

Also, OSF and Dehlin claim that the debt that the debtor seeks to discharge will not be discharged in a chapter 7 bankruptcy. See 11 USC § 523(a)(6). That may be true. But that same debt is

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 5 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

dischargeable in a Chapter 13. See 11 USC § 1328(a)(2) (debts of the kind under See 11 USC § 523(a)(6) are dischargeable debts. If the creditors theory is correct, the Debtor would not pay a creditor in a Chapter 7, the debtor would simply wind up with a debt that is not dischargeable. But, more importantly there is no requirement to pay a non-dischargeable debt in a chapter 7, so these creditors will not get any more in a chapter 7 estate than they would in this Chapter 13 estate. And, if Congress did not want an individual debtor to discharge a debt such as the debt Creditors OSF and Dehlin claim, then why would Congress included that type of claim in 11 USC § 1328(a)(2). The debtor has not duty to provide for these creditors in her Chapter 13 plan. This result would unfairly discriminate against other creditors.

In effect the Creditors here want to be treated special and different in this case. This proposal by OSF and Dehlin is baseless and contrary to the Bankruptcy Code. There is zero basis in this case for a lack of good faith filing or that the plan is not feasible. Therefore, there is no basis for the OSF and Dehlin's objection here and this objection should also be overruled.

C. UNITED WHOLSALE MORTGAGE OBJECTION

The Debtor believes the issues raised by the Creditor United Wholesale Mortgage (Dkt 21) has been resolved by the amended plan and because the Secured Debt is no longer in arrears.

D. CONCLUSION

The objections of both the Trustee and the creditors OSF and Dehlin should be overruled and the Debtors amended plan (Dkt 50) should be confirmed.

Signed this 9th day of September 2024,

By    /s/ David C. Smith
      David C. Smith, WSBA 29824
      Attorney for the Debtor.

REPLY TO OBJECTION OF TRUSTEE AND CREDITORS

Page 6 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 6 of 6