HONORABLE MARY JO HESTON
Hearing Date: September 12, 2024
Hearing Time: 1:00pm
Location: Tacoma, Washington
Response Date: September 5, 2024

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RE:<br><br>JENNIFER RUTH KAMP,<br><br>DEBTOR. | CHAPTER 13<br><br>No. 24-41481-MJH<br><br>DECLARATION OF JENNIFER KAMP IN REPLY TO OBJECTION OF TRUSTEE |

I, Jennifer Kamp, declare under the penalty of perjury and the laws of the United States of American and State of Washington that the following is true and correct.

1. I am over the age of eighteen and competent to testify herein.

2. The information contained herein is based upon my personal knowledge and the documents attached hereto are true and correct copies of the documents they purport.

3. The Trustee has objected to my plan for several reasons. My responses are outlined below.

4. As to the first reason, the Trustee asserts that I did not disclose all sources of income for my "husband" in the bankruptcy schedules.

Declaration of Jennifer Kamp

Page 1 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

5. I am no longer married to Jason Kamp. I am not sure why the Trustee asserts in his pleadings that I am still married to Jason Kamp when I am not.

6. Jason Kamp does not pay my rent, utilities or any other household expenses. He had, in the past, however, paid for some food and gas to the extent that food and gas are a shared expense. But at this point our expenses are separated and we each pay our own costs for living and intend to do so on a going forward basis.

7. The Court should be aware that there is a reason Jason Kamp is not contributing to my household. Currently he is paying all the expenses for the former family home in Utah. Those costs exceed $7,000 per month. Because he is paying those expenses, he is unable to move out of my apartment. As soon as the sale of the Utah home happens, Jason will be moving out of my apartment.

8. Since I am no longer married to Jason Kamp and because we were originally from a separate property state, I do not have information regarding his income. I have asked him to provide this information to me, but he has declined to do so. And since he is not contributing to the household here in Washington, and because I do not have access to his income information, I am unable to provide the Trustee with that information. I have made no changes to the Petition in relation to this request by the Trustee.

9. The second issue that the Trustee raises is that the eight potential claims listed in the petition should contribute any non-exempt proceeds to the plan. I have made an amendment to Section X of the plan to resolve this issue.

10. Also, as part of the second issue, the trustee was concerned about the pre-petition transfer of my former Utah home. I disclosed that transfer in my petition and will cooperate with the

Declaration of Jennifer Kamp

Page 2 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51-1    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 2 of 6

trustee as needed and required to transfer my former Utah home back to the estate. In my plan of reorganization, I have identified that my former Utah home will be sold. I have included language in Section X of my plan that indicates my ex-husband will transfer my portion of the Utah property back to the myself (in effect the bankruptcy estate) and the home will be sold and the equity will be distributed pursuant to the plan.

11. As to the liquidation value, through my lawyer I have amended the plan to accommodate the liquidation value concerns by adding language to section X of the plan in light of its unknown value. It is my understanding that after the plan is confirmed, a motion will need to be filed to approve the sale of the Utah home. In the motion to approve the sale I believe that the amounts that the Trustee will receive from the sale will be disclosed in the closing statement. Then my portion of the funds will be transferred to the bankruptcy estate to pay creditors. The issue is addressed in the plan at Section X.

12. On issue I addressed in my amended plan was the lien from Hepworth Legal. That debt was my separate debt and Hepworth Legal placed a lien on my portion of the equity in the Subject Property from Utah. Since that is my separate debt, I believe that only my portion of the equity should be utilized to pay the Hepworth Legal bill. I have addressed that in the plan in Section X.

13. The Third issue relates to accounts that I have added to Schedule B. I have added the following accounts: Americas First CU Savings Account with $200.31; a Golden West CU Account with $7.11; Bank of America with $0.00; Venmo with $0.00; and Paypal with $0.00.

14. I note that I set up the Americas First CU Savings account for a Christmas promotion in 2021 and I forget that account was still active and so I did not list it. As to the Golden West

Declaration of Jennifer Kamp

Page 3 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51-1    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 3 of 6

Account, it was set up to allow for a car loan and the Bank of America Account was set up to allow for payment on the Bank of America Alaska Credit Card Accounts. I overlooked these accounts because I never use them and they always have had a small amount of money in them.

15. As to the Venmo and Paypal accounts, I utilize those accounts for paying and repaying money for purchases and between people. I realized that those accounts could also be used as depository accounts and were overlooked, so I have added them even though those accounts normally have no money in them.

16. The integrated joint checking and savings account ending in 8875 did not have any money in them that was mine on the date I filed bankruptcy, so I set that value to $0.00.

17. I have provided the Trustee with account statements from the date of filing for America First, Golden West CU, Paypal and Venmo. The Bank of America Account needed to be requested in writing because of the bankruptcy and will be sent to me in paper copies. I wills send those to the Trustee promptly upon receipt.

18. I note that prior to the 341 meeting, I provided the trustee, at his request, with one years' worth of the joint bank statements along with other statements in my name. Those statements sent include both my regular accounts and the joint accounts I added to the amended schedules. So, even though I did not list the bank accounts in my original petition, the Trustee had them in hand prior to the 341 meeting, and, in fact, utilized those same statements in his reply motion relating to Venue. See Dkt 33-2.

19. In addition, as to the issues relating to accounts, on Friday, August 30, 2024, the day before the long weekend, the Trustee requested that I provide his office with two years of account

Declaration of Jennifer Kamp

Page 4 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51-1    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 4 of 6

statements for my Capital One account within seven days. I immediately attempted to login and obtain those records online, but I could not access them because of the bankruptcy filing.

20. I then contacted Capital One and they required that I send over a written request and then they advised that they would send me paper copies. I sent the request, but, even though I made the request, it could take several weeks to receive, so I simply cannot comply with the Trustees request to provide the Capital One statements within seven days pursuant to his request.

21. As to the Capital One request, I believe the Trustee is looking at the payments I made to Capital One in the 90 days prior to filing, for which I disclosed in my Statement of Financial Affairs (SOFA). The amount of pre-bankruptcy payments I made to my Capital One account was $43,084. See Dkt 12 Pg 34. The Capital One account was utilized for everyday expenses, and I ordinarily paid those expenses off each month after they were incurred putting the balance of the Capital One account down to zero. The money utilized for this payment were funds from Jason Kamp and my funds from my employment. But, again, as stated above, since Jason and I are no longer married Jason does not contribute to my expenses and that will not change moving forward because we are divorced.

22. In the end, I am not sure why the two years of Capital One credit cards statements should hold up confirming my plan of reorganization.

23. The last concern of the Trustee was my exemption request for some of the funds from the sale of my former home in Utah. I had requested an exemption of $10,655.98. I have removed that exemption from my schedule resolving that issue.

24. I believe I have resolved all the issues that the Trustee had in his objection under Dkt 40 and I request that my plan of reorganization be confirmed.

Declaration of Jennifer Kamp

Page 5 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA 98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51-1    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 5 of 6

1  Signed at Gig Harbor, Washington this 9th day of September 2024,

2                                              By ___/s/ Jennifer Kamp_____
                                                     Jennifer Kamp
3

Declaration of Jennifer Kamp

Page 6 of 6

Law Offices of David Smith
201 Saint Helens Ave
Tacoma, WA  98402
Phone (253)272-4777
Fax (253)533-2656

Case 24-41481-MJH    Doc 51-1    Filed 09/09/24    Ent. 09/09/24 23:51:43    Pg. 6 of 6